UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodricka J. Gambrell, #14797-171,<br>*aka Rodricka Jermaine Gambrell,*<br><br>Petitioner,<br><br>vs.<br><br>Mildred L. Rivera, Warden, FCI-Estill,<br><br>Respondent. | C/A No. 8:10-566-RBH-BHH<br><br><br><br>Report and Recommendation |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate.[1] Petitioner contends that following his guilty plea in 2007 to felon in possession of a firearm, 18 U.S.C. § 922(g), in this Court he incorrectly received a mandatory fifteen -year sentence under 18 U.S.C. § 924(e)(1) as an Armed Career Criminal. He claims that he is "actually innocent" of the sentencing enhancement he received under the Armed Career Criminal Act (ACCA) because only one of the prior South Carolina convictions that were used to support the enhancement qualifies as a "crime of violence" under the current state of applicable law. He asserts that his actual innocence claim is properly raised in his § 2241 Petition because 28 U.S.C. § 2255 is ineffective and inadequate to remedy his allegedly incorrect sentence.

Four predicate offenses were cited by District Judge G. Ross Anderson as support for the

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

enhanced sentence: 1991 first-degree burglary, 1992 pointing a firearm, 1992 second-degree arson and first-degree burglary, and a 2001 Assault and Battery of a High and Aggravated Nature.[2] It is not clear from the face of Petitioner's pleadings which of the four listed convictions he now claims do not qualify as "crimes of violence" and/or "violent crime" in light of two fairly recently decided United States Supreme Court cases: *Chambers v. United States,* 129 S. Ct. 687 (2009)(issued 1/13/09) and *Begay v. United States*, 553 U.S. 137 (2008) (issued 4/16/08), but he claims that only one of them qualifies as a violent crime. He asks this Court to vacate his current sentence and to re-sentence him without the ACCA enhancement.

The docket of his criminal case, *United States v. Gambrell*, Case no. 6:06-1094-GRA, discloses that Petitioner filed an unsuccessful direct appeal in *United States v. Gambrell*, No. 07-4409, 251 Fed. Appx. 250 (4th Cir. Oct. 23, 2007)(mandatory sentence supported by priors, regardless of age of convictions), and an initial § 2255 motion (ineffective assistance prevented objection to use of improper priors), and an unsuccessful appeal of its denial, *United States v. Gambrell*, No. 08-8387, 315 Fed. Appx. 460 (4th Cir. Mar. 9, 2009)(certificate of appealability denied), in 2008-09. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records). Then he filed an unsuccessful Motion to Reduce Sentence, 18 U.S.C. § 3582(c)(2), contending that a correcting amendment to the sentencing guidelines regarding scoring of misdemeanor offenses required that his sentence be reduced. The Court denied the Motion, finding that the four

---

[2] Petitioner has presented the Court with a citation to a recent Sixth Circuit opinion that holds that South Carolina's crimes of second-degree burglary and assault and battery of a high and aggravated nature does not categorically qualify as "crimes of violence" post *Begay*. *United States v. McFalls*, 592 F. 3d 707 (6th Cir. 2010). *McFalls* is not binding precedent in this Court or in this case because it was not decided by the Fourth Circuit. Moreover, it does not even qualify as persuasive authority in this case because it involves a direct appeal from a sentence, not a § 2241 petition seeking to raise sentencing issues in a criminal case that was final before *Begay* was decided.

predicate felony offenses listed in the PSI fully supported the 15-year sentence he got, and the 4th Circuit rejected his appeal of that ruling. *United States v. Gambrell*, No. 09-7156, 348 Fed. Appx. 896 (4th Cir. Oct. 27, 2009). In all appeals, § 2255 proceedings, and Motions to Reduce, Petitioner argued that some of his past convictions were either not violent or too old and not "separate," and/or that he was prevented by ineffective counsel from contesting the PSI's predicate convictions.[3] Although the *Begay* opinion had been released for five months when his § 2255 motion was filed, and *Chambers* had been decided for nearly five months when his Motion to Reduce Sentence was filed, neither case appears to have been raised by Petitioner, this Court, or the Fourth Circuit in any of the relevant filings or judgments. It appears that the first time Petitioner attempted to use *Begay* and/or *Chambers* to challenge the use of his prior state convictions to support his current sentence was, perhaps, in a request to the Fourth Circuit Court of Appeals for permission to file a second § 2255 motion. No copy of that request was provided by Petitioner, but he does assert that he was denied permission at some undisclosed time "without explanation" by the 4th Circuit to proceed with a successive § 2255. Mem. in support of Pet. 5. There is no explanation in the § 2241 Petition under consideration of why Petitioner did not raise *Begay* and/or *Chambers* in his previous collateral attacks on his sentence even though they were available to him while those proceedings were pending.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

---

[3] In short, he has had many unobstructed opportunities to assert numerous challenges to the prior state convictions used to support his enhanced sentence.

v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because Petitioner's sentencing based claims are cognizable only through a direct appeal and/or under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective. Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is

"inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case. For example, it has been found available in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the manner of execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d at 129-30.

Petitioner's allegations about the propriety of the sentencing enhancement he received under the ACCA clearly go to the underlying validity of his sentence rather than to the manner of execution of the sentence. As Petitioner obviously understands, given the nature of the allegations in his Petition, such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional

case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues.  *See In re Vial,* 115 F.3d 1192 (4th Cir. 1977); *Tanksley v. Warden*, No. 99-4391, 2000 WL 1140751(6th Cir. Aug. 08, 2000)(unpublished opinion); *Ward v. Snyder*, No. 00-5191, 2000 WL 1871725 (6th Cir. Dec. 12, 2000)(unpublished opinion); *Gonzales v. Snyder*, No. 00-1095, 2000 WL 636908 (8th Cir. May 18, 2000)(same); *Elzie v. Pugh*, No. 99-1002, 1999 WL 734453 (10th Cir. Sept. 21, 1999)(same); *Onaghise v. Bailey*, No. 98-17174, 1999 WL 613461 (9th Cir. Aug. 12, 1999)(same). Accordingly, Petitioner asserts that the § 2255 remedy is inadequate or ineffective, primarily because he has, to date, allegedly been precluded by the United States Codes' gatekeeping mechanisms for habeas cases from using two United States Supreme Court opinions (*Begay* and *Chambers*) decided after the date of his sentencing and the conclusion of his direct appeal therefrom to challenge his ACCA enhanced sentence.

Initially, this position is specious under the facts presented by this case because, as noted previously, the *Begay* case was issued and available to Petitioner to use as a basis for his sentence challenges while his initial § 2255 motion and the appeal therefrom were pending.  Yet there does not appear that Petitioner made any effort to bring the case before this Court or before the Fourth Circuit Court of Appeals.  Moreover, it appears that both the *Begay* and *Chambers* opinions were available while Petitioner's Motion under 18 U.S.C. § 3582(c)(2) and the appeal therefrom were pending.  Accordingly, Petitioner cannot say in good faith that he was precluded from asserting the claims based on those opinions that he attempts to now improperly raise under § 2241.  Also, Petitioner cannot rely on the fact that his request to file a second § 2255 to raise his *Begay/Chambers* claims was denied by the Fourth Circuit to show that the § 2255 is inadequate or ineffective.  It is settled in this circuit that the possibility that a § 2255 motion filed by Petitioner in the sentencing court might be rejected on the merits or found untimely or

successive does not render the § 2255 remedy inadequate or ineffective. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In Re Vial*, 115 F.3d at 1194 n. 5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001)(collecting cases).

In *Jones*, the Fourth Circuit determined, "[t]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* The *Jones* Court concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct *of which the prisoner was convicted* is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34 (emphasis added). Petitioner's circumstances do not meet these requirements because he does not claim that *Begay* and *Chambers* make his possession of a firearm as a felon no longer criminal, nor does he claim that they make the conduct used to support the predicate state convictions used to enhance his federal sentence no longer criminal. Instead, he claims that the two recent Supreme Court cases only change the way those convictions should be considered (violent/non-violent) under the ACCA. Thus, since there are no allegations that any of his underlying conduct that resulted in his convictions, whether state or federal, can no longer be considered criminal, the *In re Jones* test provides no basis for his sentencing claims to be considered under § 2241.

This determination that § 2255 is not inadequate or ineffective because its time and successiveness limitations might preclude a prisoner such as Petition from raising *Begay/Chambers*-based sentencing claims is supported by several federal cases from other

districts within the Fourth Circuit and from outside this circuit. These courts have considered closely similar allegations from other prisoners seeking to use *Begay* and/or *Chambers* or part of their progeny in the lower federal courts to collaterally attack sentences imposed prior to the issuance of those court opinions. Each of the following cases have rejected such claims and have refused to permit the use of § 2241 for consideration of the propriety of sentences. *See, e.g., Mackey v. United States*, Nos. 08-23431-CIV, 03-20715-CR, 2009 WL 2407666 (S.D. Fla. Aug. 4, 2009)(§ 2241 cannot be used to raise a *Begay* claim); *Harvey v. Sherrod*, NO. 08-CV-613-DRH, 2009 WL 2231718 (S.D. Ill. Jul 27, 2009)(no "actual innocence" § 2241 claim under *Begay*; opinion only one of "statutory construction," not a new constitutional rule); *United States v. Gilbert*, No. 8:99-CV-2054-T-30TGW, 2009 WL 981918 (M.D. Fla. Apr. 13, 2009)(same as *Mackey*); *James v. Stansberry*, No. 3:08CV512, 2009 WL 320606 (E.D. Va. Feb. 9, 2009)(§ 2241 actual innocence claim under *Begay* is really a successive § 2255 motion; no § 2241 jurisdiction), *aff'd*, 342 Fed. Appx. 865 (4th Cir. Sept. 1, 2009), *cert. denied,* No. 09-8395, 2010 WL 596825 (Feb. 22, 2010). Just as the petitioners in the cited case, Petitioner in this case cannot show that the § 2255 remedy is inadequate or ineffective and, therefore, his current sentencing claims cannot be considered in this case.

Finally, even if Petitioner's "inadequate/ineffective" argument had merit and permitted Petitioner to raise his sentencing claim in a § 2241 petition pursuant to the § 2255 savings clause, his claim that he "was/is actually innocent" of the enhanced sentence he received because several of the predicate state convictions used to support his sentencing enhancement would not be considered "violent" under the type of judicial analysis of that issue recently approved in *Begay* and *Chambers*, does not require this Court to consider the merits of his Petition. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not

mere legal insufficiency." *Bousley v. U. S.*, 523 U.S. 614, 623 (1998); *see also Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004). Prisoners such as Petitioner often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where the time limitations for filing an initial § 2255 motion appear to have run without the filing of a motion or where they wish to raise additional issues that were not raised in direct appeals or in any § 2255 motion(s) they did file. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raise the issues previously, he or she can still possibly obtain review of his or her additional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. "Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997). Petitioner's actual innocence claim is facially inadequate to require consideration because he does not allege that there is any new, reliable evidence of any type that was not presented or available in any of his prior court proceedings which supports his innocence of the criminal charges on which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995)(to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim); *Thompson v. U. S.*, No. 99-3893, 2000 WL 571952(6th Cir. May 2, 2000)(unpublished opinion, text available on Westlaw)(bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241).

Petitioner does not claim that he is factually innocent of either the underlying firearm-related crime to which he pled guilty in this Court or of any of the predicate state crimes used to enhance his sentence; nor does he claim that *Begay* or *Chambers* made the his conduct that resulted in any of these convictions no longer criminal. *Cf. In re Jones,* 226 F. 3d at 334 (citing, *inter alia*, *In re Dorsainville,* 119 F. 3d 245, 249-51 (3d Cir. 1997) to permit use of § 2241 to raise actual innocence claim where subsequent change in law made conduct no longer criminal). Instead, he claims only that he is innocent of his enhanced sentence because several of the predicate crimes used to support it can no longer be considered "violent" under the *Begay* and *Chambers* standards. Similar *Begay/Chambers*-based claims of actual innocence of an enhanced sentence were recently considered and rejected by other district courts in the cases previously cited: *Harvey*; *James*. Similar claims of actual innocence of an enhanced sentence were recently considered and rejected by this District Judge Duffy and District Judge Joseph Anderson of this Court in unpublished opinions, the text of which are available on Westlaw: *Evans v. Rivera,* NO. 0:09-1153-JFA-PJG, 2009 WL 2232807 (D.S.C. July 23, 2009) (*Begay* claim), *aff'd*, No. 09-7499, 2009 WL 4506397 (4th Cir. Dec. 3, 2009), *cert. denied*, No. 09-8633, 2010 WL 596873 (Feb. 22, 2010); *White v. Rivera*, No. 3:08-3681-PMD-JRM, 2009 WL 1456712 (D.S.C. May 21, 2009), *aff'd*, No. 09-7089, 2009 WL 3418654 (4th Cir. Oct. 26, 2009); *Brown v. Rivera*, No. 9:08-3177-PMD-BM*,* 2009 WL 960212 (D.S.C. Apr. 7, 2009)(*Begay* claim). Partially underpinning and fully supporting each of these decisions is an older § 2241 case involving an analogous claim of actual innocence of a sentencing enhancement. *Chisholm v. Pettiford*, No. 6:06-2032-PMD, 2006 WL 2707320 (D. S.C. Sept. 18, 2006). The Court in *Chisholm* relied, in part, on another prior case from this Court, *Davis v. U. S.,* No. 8:05- 2778-GRA, 2006 WL 89505, at *6 (D. S.C. Jan.12, 2006)(*Booker* claim; 543 U.S. 220 (2005)), wherein reliance was placed on a case decided by the

Fifth Circuit Court of Appeals in 2000 that rejected a federal prisoner's actual innocence of a sentence claim. *Kinder v. Purdy*, 222 F.3d 209 (5th Cir. 2000). With regard to a similar claim of enhanced sentencing actual innocence made by a federal prisoner housed in Texas in a § 2241 petition, the *Kinder* court stated,

> Claims of actual innocence have been recognized by some courts as being possible bases for review under § 2241 when § 2255's restrictions foreclose subsequent petitions. . . . . Kinder's argument that he is actually innocent of being a career offender . . . , however, is not the type of argument that courts have recognized may warrant review under § 2241. Recent cases examining the scope of § 2255's savings clause have done so because of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). . . . Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense. . . . Thus, in each case, the petitioner could claim he was actually innocent of the crime of which he was convicted. In contrast, Kinder argues that . . . his conviction of conspiracy cannot support application of the Guidelines' career offender provisions. He makes no assertion that he is innocent of the crime for which he was convicted.

222 F.3d at 213-14 (citations and footnotes omitted).

In sum, as in *Kinder*, *Davis*, and *Chisholm*, nothing in this case presents more than an allegation of actual innocence of an enhanced sentence – not of the underlying criminal conviction or even of the predicate crimes used for the sentencing – based on alleged inadequacy of the evidence relied on by the sentencing court to impose the sentence. There is no allegation of new evidence, unavailable at the time of conviction, which undermines the validity of any of Petitioner's criminal convictions. As a result, based on the case law cited above, the facial inadequacy of the Petition now under consideration requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *United States v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).

# **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

April 2, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).